IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| KAREN S. MANSFIELD,<br>        Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK, INC., and<br>NOVO NORDISK A/S,<br>        Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s):  Karen S. Mansfield                                                                    .

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim:   N/A                                                                      , as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s):   N/A                                                                                .

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:    N/A                                                                                 .

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   __X__ Novo Nordisk Inc.

   __X__ Novo Nordisk A/S

   _____ Eli Lilly and Company

   _____ Lilly USA, LLC

   _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

    _____Pensacola, Florida_____

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

    _____Florida_____

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

    _____Florida_____

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

    _____Pensacola, Florida_____

10. Jurisdiction is based on:

    __X__   diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____   other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    _____United States District Court for the Northern District of Florida_____

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

____N/A_____

## **PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    __X__    Ozempic (semaglutide)

    _____    Wegovy (semaglutide)

    _____    Rybelsus (oral semaglutide)

    _____    Victoza (liraglutide)

    _____    Saxenda (liraglutide)

    _____    Trulicity (dulaglutide)

    _____    Mounjaro (tirzepatide)

    _____    Zepbound (tirzepatide)

    _____    Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    __Ozempic – June 16, 2021, through February 1, 2022_____

    _____

    _____

    _____

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    __X__ Gastroparesis

    __X__ Other gastro-intestinal injuries (specify) _Impaired gastric emptying with severe gastrointestinal symptoms_

    _____ Ileus

    _____ Ischemic Bowel/Ischemic Colitis

    _____ Intestinal Obstruction

    _____ Necrotizing Pancreatitis

    _____ Gallbladder Injury (specify) _____

    _____ Micronutrient Deficiency

    _____ Wernicke's encephalopathy

    _____ Aspiration

    _____ Death

    _____ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    _Delayed gastric emptying (grade 3) June 2021; Gastroparesis July 2021_____

    _____

    _____

    _____

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    _X_    Injury to self

    ____    Injury to person represented

    ____    Economic loss

    ____    Wrongful death

    ____    Survivorship

    ____    Loss of services

    ____    Loss of consortium

    ____    other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    _X___ Count I: Failure to Warn – Negligence

    _X___ Count II: Failure to Warn – Strict Liability

    _X___ Count III: Breach of Express Warranty/Failure to Conform to Representations

    _X___ Count IV: Breach of Implied Warranty

    _X___ Count V: Fraudulent Concealment/Fraud by Omission

    _X___ Count VI: Fraudulent/Intentional Misrepresentation

    _____ Count VII: Negligent Misrepresentation/Marketing

    _X___ Count VIII: Strict Product Liability Misrepresentation/Marketing

    _X___ Count IX: Innocent Misrepresentation/Marketing

    _____ Count X: Unfair Trade Practices/Consumer Protection (see below)

    _X___ Count XI: Negligence

    _X___ Count XII: Negligent Undertaking

    _____ Count XIII: State Product Liability Act (see below)

    _____ Count XIV: Wrongful Death

    _____ Count XV: Loss of Consortium

    _____ Count XVI: Survival Action

    _X___ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_See, e.g., ¶¶ 606-640 of the Master Complaint (negligent failure to warn);_

<u>,¶¶ 641-674 (strict liability failure to warn); ,¶¶ 675-698 of the Master Complaint (breach of express warranty); ,¶¶ 699-720 (breach of implied warranty); ,¶¶ 721-779 (fraudulent concealment/fraud by omission); ¶¶ 780-800 (fraudulent/intentional misrepresentation); ¶¶ 825-848 (strict products liability misrepresentation/marketing); ,¶¶ 849 (innocent misrepresentation); ¶¶ 866-880 (negligence); ¶¶ 881-903 (negligent undertaking), all incorporated herein by reference.</u>

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

      _____N/A_____

      _____

      _____

   b. Identify the factual allegations supporting those claims (by subsection, if applicable):

      _____N/A_____

      _____

      _____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        __N/A_____

        _____

        _____

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        _____

        _____

        _____

    c. Identify the factual allegations supporting those claims:

        _____

        _____

        _____

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?  __N/A_____ . If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: March 12, 2026

> By: */s/ Matthew P. Marcin*
> Matthew P. Marcin (Admitted *Pro Hac Vice*)
> Aylstock, Witkin, Kreis & Overholtz, PLLC
> 17 East Main St., Suite 200
> Pensacola, FL 32502
> Phone: (850) 202-1010
> Facsimile: (850) 916-7449
> mpmarcin@awkolaw.com
> *Attorney for Plaintiff Karen S. Mansfield*